NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division

SEAN CARMAN
Senior Counsel
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 514-2746
Facsimile:  (202) 514-0097
sean.carman@usdoj.gov

BILLY J. WILLIAMS
United States Attorney
District of Oregon

ALEXIS LIEN
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2904
Telephone:  (503) 727-1098
alexis.lien@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | |
| v. | ) | CIVIL COMPLAINT FOR |
| | ) | RECOVERY OF COSTS AND |
| CANNERY PIER HOTEL, LLC, and | ) | AND DAMAGES UNDER THE |
| TERRY ROSENAU, solely in his capacity as | ) | OIL POLLUTION ACT OF 1990 |
| Personal Representative for THE ESTATE | ) | |
| OF ROBERT H. JACOB, | ) | |
| | ) | |
| Defendants. | ) | |

Page - 1 COMPLAINT *(U.S. v. Cannery Pier Hotel LLC, et al.)*

## INTRODUCTION

1. From on or about January 18, 2018, until on or about March 7, 2018, the United States Coast Guard Sector Columbia River Incident Management Division (hereinafter "Coast Guard") responded to discharges of bunker fuel oil into the Columbia River from a 3,300-gallon steel fuel storage tank ("the Storage Tank") beneath a partially collapsed pier in Astoria, Oregon.

2. The United States, on behalf of the National Pollution Funds Center of the United States Coast Guard, brings this civil action under the Oil Pollution Act ("OPA"), 33 U.S.C. §§ 2701, et seq., to recover $994,146.43 in removal costs and damages in incurred by the Coast Guard in response to the discharges of oil from the Storage Tank.

## NATURE OF THIS ACTION

3. This is a civil action brought by the United States under Section 1002(b)(1) of OPA, 33 U.S.C. § 2702(b)(1).

4. The United States seeks a judgment of joint and several liability against the defendants in the amount of $994,146.43, and for any other appropriate relief.

## JURISDICTION AND VENUE

5. This court has jurisdiction over the subject matter of this action and over the parties pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. §§ 1331 and 1345.

6. Authority to bring this action is vested in the United States Department of Justice by 28 U.S.C. §§ 516 and 519.

7. Venue is proper in the District of Oregon pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. § 1391(b), because it is the judicial district in which the defendants are located and in which discharge and the resulting response actions occurred.

## DEFENDANTS

8. Defendant Cannery Pier Hotel LLC ("Cannery Pier LLC") is a limited liability company registered with the State of Oregon. Its principal place of business is in Astoria, Oregon.

9. Defendant Terry Rosenau is the Personal Representative for the Estate of Robert H. Jacob, a deceased former resident of Astoria, Oregon, and is named solely in that, and in no other, capacity.

## STATUTORY AND REGULATORY BACKGROUND

10. Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides that "each responsible party for . . . a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines . . . is liable for the removal costs and damages specified in subsection (b) of this section [33 U.S.C. § 2702(b)] that result from such incident."

11. Section 1002(b)(1)(A) of OPA, 33 U.S.C. § 2702(b)(1)(A), states that "[t]he removal costs referred to in subsection (a) of this section are – all removal costs incurred by the United States, a State, or an Indian tribe under subsection (c), (d), (e), or (l) of [33 U.S.C. § 1321] under the Intervention on the High Seas Act (33 U.S.C. 1471 et seq.), or under State law."

12. Section 1001(5) of OPA, 33 U.S.C. Section § 2701(5), defines "damages" to mean "damages specified in section 2702(b) of this title, and includes the cost of assessing these damages." Specifically, under section 2702(b), "damages" includes "[d]amages for injury to, or economic losses resulting from the destruction of, real or personal property, which shall be recoverable by a claimant who owns or leases that property."

13. Section 1001(7) of OPA, 33 U.S.C. § 2701(7), defines "discharge" to mean "any emission (other than natural seepage), intentional or unintentional" and to include "spilling, leaking, pumping, pouring, emitting, emptying, or dumping."

14. Section 1001(9) of OPA, 33 U.S.C. § 2701(9), defines "facility" to mean "any structure, group of structures, equipment, or device (other than a vessel) which is used for one or more of the following purposes: . . . storing, handling, [or] transferring . . . oil."

15. Section 1001(21) of OPA, 33 U.S.C. § 2701(21), defines "navigable waters" as "the waters of the United States, including the territorial sea."

16. Section 1001(23) of OPA, 33 U.S.C. § 2701(23), defines "oil" to mean "oil of any kind or in any form, including petroleum, fuel oil, sludge, oil refuse, and oil mixed with wastes other than dredged spoil."

17. Section 1001(22) of OPA, 33 U.S.C. § 2701(22), defines "offshore facility" to mean "any facility of any kind located in, on, or under any of the navigable waters of the United States, and any facility of any kind which is subject to the jurisdiction of the United States and is located in, on, or under any other waters, other than a vessel or a public vessel."

18. Section 1001(27) of OPA, 33 U.S.C. § 2701(27), defines "person" to mean an individual or a corporation.

19. Section 1001(30) of OPA, 33 U.S.C. § 2701(30), defines "remove" and "removal" to mean "containment and removal of oil or a hazardous substance from water and shorelines or the taking of other actions as may be necessary to minimize or mitigate damage to the public health or welfare, including, but not limited to, fish, shellfish, wildlife, and public and private property, shorelines, and beaches."

20. Section 1001(31) of OPA, 33 U.S.C. § 2701(31), defines "removal costs" to mean "the costs of removal that are incurred after a discharge of oil has occurred or, in any case in which there is a substantial threat of a discharge of oil, the costs to prevent, minimize, or mitigate oil pollution from such an incident."

21. Section 1002(b)(1) of OPA, 33 U.S.C. § 2702(b)(1), provides that the "removal costs" referred to in Section 1002(a) of OPA, 33 U.S.C. § 2702(a), include "all removal costs incurred by the United States . . . under [33 U.S.C. § 1321] subsection (c), (d), (e), or (l)."

22. Section 1001(14) of OPA, 33 U.S.C. § 2701(14), defines "incident" to mean "any occurrence or series of occurrences having the same origin, involving one or more . . . facilities . . . resulting in the discharge or substantial threat of discharge of oil."

23. Section 1001(32)(C) of OPA, 33 U.S.C. § 2701(32)(C), defines "responsible party" to include, "[i]n the case of an offshore facility (other than a pipeline or a deepwater port licensed under the Deepwater Port Act of 1974 (33 U.S.C. § 1501, et seq.)), the lessee or permittee of the area in which the facility is located or the holder of a right of use and easement granted under applicable State law or the Outer Continental Shelf Lands Act (43 U.S.C. §§ 1301 – 1356) for the area in which the facility is located (if the holder is a different person than the lessee or permittee), except a Federal agency, State, municipality, commission, or political subdivision of a State, or any interstate body, that as owners transfers possession and right to use the property to another person by lease, assignment, or permit."

## GENERAL ALLEGATIONS

24. From on or about January 12, 2018, to on or about March 7, 2018, the Coast Guard conducted removal actions in response to discharges and threats of discharges of oil into the Columbia River from a fuel storage tank ("the Storage Tank") located under a partially-

collapsed pier in Astoria, Oregon. The pier was located to the east of, and immediately adjacent to, the pier at 10 Basin Street, Astoria, Oregon, the site of the Cannery Pier Hotel, a historic luxury hotel. The pier on which the Storage Tank was located is further identified on the aerial photograph attached to this Complaint as Exhibit A.

25. The Storage Tank was located in the Columbia River, on a submerged parcel of land owned by the State of Oregon.

26. At the time of discharges, the submerged land upon which the Storage Tank was located was leased to defendant Cannery Pier LLC by the State of Oregon under a lease known as 33408-ML.

27. The Storage Tank was, at the time of the discharges of oil from the tank, owned by Mr. Robert H. Jacob, since deceased.

28. The Coast Guard, by and through the National Pollution Funds Center, incurred $991,239.48 in costs of removal actions in response to discharges from the Storage Tank, for actions including but not limited to: coordinating removal actions with the Oregon Department of Environmental Quality and Mr. Robert H. Jacob, deceased, the owner of the tank; arranging for the deployment of a construction crane barge to remove the tank from the Columbia River; arranging for the deployment of two skimmers, two vacuum trucks, and approximately 3,400 feet of hard boom to contain and remove discharged oil from the Columbia River; leaving and maintaining a 1,000-foot containment boom at the mouth of the pier's cove, as well as a 2,000-foot boom along the riprap on the shore, to effect passive recovery of the discharged oil; and collecting and analyzing samples of oil from the tank and the river.

29. In addition, the Coast Guard, by and through the National Pollution Funds Center, paid a third party $2,906.95 for property damage resulting from the oil discharges.

ALLEGATIONS SUPPORTING CLAIMS FOR RELIEF

30. The Storage Tank was a "facility" within the meaning of Sections 1001(9) of OPA, 33 U.S.C. § 2701(9), because it was equipment or a device (other than a vessel) used for storing and handling oil.

31. The Storage Tank was an "offshore facility" within the meaning of Section 1001(22) of OPA, 33 U.S.C. § 2701(22), because it was a facility located in the navigable waters of the United States and was not a vessel or a public vessel.

32. Defendant Cannery Pier LLC is a "responsible party" within the meaning of Section 1001(32)(C) of OPA, 33 U.S.C. § 2701(32)(C), because at the time of the discharge of oil from the Storage Tank defendant Cannery Pier LLC was the lessee of the holder of a right of use and easement granted under applicable State law for the area in which the facility was located, by and through its lease of the submerged lands upon which the Storage Tank was located.

33. Solely in his capacity as Personal Representative for the Estate of Robert H. Jacob Defendant Terry Rosenau is, solely in that capacity, a "responsible party" within the meaning of Section 1001(32)(C) of OPA, 33 U.S.C. § 2701(32)(C), because Mr. Robert H. Jacob was the owner of the Storage Tank at the time of the discharge of oil from tank, and was therefore the holder of a "right of use" granted under applicable State law for the area in which the facility (the Storage Tank) was located.

FIRST CLAIM FOR RELIEF
(AGAINST DEFENDANT CANNERY PIER HOTEL LLC)

LIABILITY FOR REMOVAL COSTS AND DAMAGES INCURRED BY
THE COAST GUARD IN RESPONSE TO DISCHARGES
AND THREATENED DISCHARGES OF OIL
FROM AN OFFSHORE FACILITY INTO NAVIGABLE WATERS

34. Paragraphs 1-33 are hereby incorporated by reference.

35. Because the Storage Tank was an offshore facility within the meaning of Section 1001(22) of OPA, 33 U.S.C. 2701(22), and because, at the time of the discharge from the Storage Tank, Defendant Cannery Pier Hotel LLC was the holder of a right of use and easement granted under applicable State law for the area in which the Storage Tank was located, Defendant Cannery Pier Hotel LLC is a responsible party under Section 1001(32)(C) of OPA, 33 U.S.C. 2701(32)(C).

36. Because Defendant Cannery Pier Hotel LLC is a responsible party under Section 1001(32)(C) of OPA, 33 U.S.C. 2701(32)(C), it is jointly and severally liable to the United States for all costs and damages incurred by the National Pollution Funds Center of the United States Coast Guard in response to discharges and threatened discharges of oil from the Storage Tank.

### SECOND CLAIM FOR RELIEF
### (AGAINST DEFENDANT ROSENAU IN HIS CAPACITY AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF ROBERT H. JACOB)

### LIABILITY FOR REMOVAL COSTS AND DAMAGES INCURRED BY COAST GUARD IN RESPONSE TO DISCHARGE AND THREATENED DISCHARGES OF OIL <u>FROM AN OFFSHORE FACILITY INTO NAVIGABLE WATERS</u>

37. Paragraphs 1-36 are hereby incorporated by reference.

38. Because the Storage Tank was an offshore facility within the meaning of Section 1001(22) of OPA, 33 U.S.C. 2701(22), and because, at the time of the discharge from the Storage Tank, Mr. Robert H. Jacob was the owner of the Storage Tank, and was therefore was the holder of a right of use and easement granted under applicable State law for the area in which the facility was located, Mr. Robert H. Jacob was a responsible party under Section 1001(32)(C) of OPA, 33 U.S.C. 2701(32)(C).

39. Because Mr. Robert H. Jacob was a responsible party under Section 1001(32)(C)

of OPA, 33 U.S.C. 2701(32)(C), Defendant Terry Rosenau is, solely in his capacity as Personal Representative of the Estate of Robert H. Jacob, jointly and severally liable to the United States for all costs and damages incurred by the National Pollution Funds Center of the United States Coast Guard in response to discharges of oil from the Storage Tank.

## PRAYER FOR RELIEF

WHEREFORE the United States, on behalf of the National Pollution Funds Center of the United States Coast Guard, respectfully requests that this Court grant it the following relief:

1. Enter a judgment holding Defendants Cannery Pier Hotel LLC and the Terry Rosenau solely in his capacity as Personal Representative for the Estate of Robert H. Jacob jointly and severally liable to the United States in the amount of $994,146.43.

2. Enter a declaratory judgment against Defendant Cannery Pier Hotel, or against defendant Terry Rosenau solely in his capacity as Personal Representative for the Estate of Robert H. Jacob, as appropriate, for removal costs and damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees.

3. Grant the Untied States such other relief as may be appropriate.

RESPECTFULLY SUBMITTED,

NATHANIEL DOUGLAS
Assistant Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division


  *s/ Sean Carman*_____
SEAN CARMAN
Senior Counsel
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 514-2746
Facsimile:  (202) 514-0097
sean.carman@usdoj.gov


BILLY J. WILLIAMS
United States Attorney
District of Oregon

ALEXIS LIEN
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2904
Telephone:  (503) 727-1098
alexis.lien@usdoj.gov


OF COUNSEL:

HELKEI HEMMINGER
LEGAL COUNSEL
NATIONAL POLLUTION FUNDS CENTER
UNITED STATES COAST GUARD
2703 MARTIN LUTHER KING, JR. AVE. SE
WASHINGTON, D.C.  20593-7605

# Exhibit A



N
W E
S

0 80 160
Feet
1:1,727

Map Projection:
Oregon Statewide Lambert
Datum NAD83
International Feet

Vicinity Map

**Legend**

Clat_tax_15
Description Lines

This product is for informational purposes only and may not have been prepared for, or be suitable for legal, engineering, or surveying purposes. Users of this information should review or consult the primary data and information sources to ascertain the usability of the information.

## Exhibit A

State of Oregon
Department of State Lands
775 Summer St, NE, Suite 100
Salem, OR 97301
503-986-5200
www.oregon.gov/DSL

Date: 5/4/2016

Software: ESRI ArcMap 10.0
Document Path O:\GIS_Projects\LM\Authorizations\MXDs\Scratch Pad Map 10.2.mxd