UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| CANNERY PIER HOTEL LLC, and | ) | CONSENT DECREE |
| TERRY ROSENAU, solely in his capacity as | ) | |
| Personal Representative for the ESTATE | ) | |
| OF ROBERT H. JACOB, | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT DECREE**

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | BACKGROUND | 3 |
| II. | JURISDICTION | 3 |
| III. | PARTIES BOUND | 4 |
| IV. | DEFINITIONS | 4 |
| V. | PAYMENT OF REMOVAL COSTS AND DAMAGES | 5 |
| VI. | FAILURE TO COMPLY WITH CONSENT DECREE | 8 |
| VII. | COVENANTS NOT TO SUE BY UNITED STATES | 9 |
| VIII. | RESERVATIONS OF RIGHTS BY UNITED STATES | 9 |
| IX. | COVENANTS NOT TO SUE BY DEFENDANT | 10 |
| X. | EFFECT OF SETTLEMENT | 10 |
| XI. | CERTIFICATION | 11 |
| XII. | NOTICES AND SUBMISSIONS | 11 |
| XIII. | RETENTION OF JURISDICTION | 13 |
| XIV. | INTEGRATION | 13 |
| XV. | SIGNATORIES/SERVICE | 13 |
| XVI. | LODGING AND OPPORTUNITY FOR COMMENT | 14 |
| XVII. | FINAL JUDGMENT | 14 |

# I. BACKGROUND

A. Plaintiff the United States of America, on behalf of the United States Coast Guard (the "Coast Guard"), filed a complaint against defendants Cannery Pier Hotel, LLC ("Cannery Pier") and Terry Rosenau solely in his capacity as Personal Representative for the the Estate of Robert H. Jacob ("Jacob") (together "Defendants") under Section 1002 of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702, seeking to recover removal costs and damages resulting from the discharge of oil from a storage tank ("the Storage Tank") located under a pier ("the Pier") situated in the Columbia River, near Astoria, Oregon. The Pier was located immediately to the west of the pier at 10 Basin Street, Astoria, Oregon, on which the Cannery Pier Hotel is located. The Pier is outlined in red on the aerial photograph attached hereto as Exhibit A.

B. Defendants do not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

C. The United States and Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

# II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1345 and 33 U.S.C. § 2717(b), and has personal jurisdiction over Defendants.

2. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) and 33 U.S.C. § 2717(b) because it is the judicial district in which the discharge occurred and the claim arose.

3. Solely for the purposes of this Consent Decree and the underlying Complaint, Defendants waive all objections and defenses they may have to the Court's jurisdiction or to venue in this District. Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III. PARTIES BOUND

4. This Consent Decree is binding upon the United States, and upon Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Defendants under this Consent Decree.

### IV. DEFINITIONS

5. This Consent Decree incorporates the definitions set forth in Section 1001 of OPA, 33 U.S.C. § 2701. Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

    a. "Coast Guard" shall mean the United States Coast Guard and any of its successor departments, agencies, or instrumentalities.

    b. "Consent Decree" shall mean this Consent Decree, including the attached Exhibit A.

    c. "Damages" shall mean those damages as identified under 33 U.S.C. § 2701(b)(2).

d. "Day" or "day" shall mean a calendar day. In computing any time period under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

e. "Defendants" shall mean defendants Cannery Pier Hotel LLC and Terry Rosenau solely in his capacity as the Personal Representative for the Estate of Robert H. Jacob.

f. "DOJ" shall mean the United States Department of Justice and any of its successor departments, agencies, or instrumentalities.

g. "Effective Date" shall mean the date upon which the Court records approval of this Consent Decree on the Court's docket.

h. "Interest" shall mean interest calculated at the post-judgment interest rate under 28 U.S.C. § 1961, compounded annually. The applicable rate of interest shall be the rate in effect at the time the interest accrues.

i. "Oil" shall mean any "oil" as defined under OPA Section 1001(23), 33 U.S.C. § 2701(23).

j. "Oil Discharge Incident" shall mean the discharges of oil into or upon the navigable waters of the United States and/or the adjoining shorelines from the Storage Tank under the Pier, which discharges occurred on one or more days starting on or about January 12, 2018.

k. "OPA" shall mean the Oil Pollution Act of 1990, as amended, 33 U.S.C. § 2701 et seq.

l. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

m. "Parties" shall mean the United States, Cannery Pier Hotel LLC, and Terry Rosenau solely in his capacity as Personal Representative for he Estate of Robert H. Jacob.

n. "Removal Costs" shall mean all costs of removal incurred by the United States associated with the Oil Discharge Incident, as defined by OPA Section 1001(31), 33 U.S.C. § 2701(31).

o. "Plaintiff" shall mean the United States.

p. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

q. "Storage Tank" shall mean the storage tank and onshore facility located under the pier ("the Pier") in the Columbia River, near Astoria, Oregon, located immediately to the west of the pier at 10 Basin Street, Astoria, Oregon, on which the Cannery Pier Hotel is located. The Pier is outlined in red on the aerial photograph attached hereto as Exhibit A.

r. "United States" shall mean the United States of America, and each department, agency, and instrumentality of the United States, including the Coast Guard.

## V. PAYMENT OF REMOVAL COSTS AND DAMAGES

6. **Payment by Defendants of Removal Costs and Damages.** Within 30 days of the date of entry of this Consent Decree, Defendants shall pay to the United States the principal sum of $994,146.43.

7. **Method and Deposit of Payment.** Defendants shall make the payments specified in Paragraph 6 by Fedwire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of Oregon after the Effective Date. The payments shall reference the civil action number assigned to this case

and DOJ case number 90-5-1-1-12151, and shall specify that the payment is to be deposited in the Oil Spill Liability Trust Fund under 26 U.S.C. § 9509(b). The FLU will provide the payment instructions to:

Kent Roberts
Schwabe Williamson & Wyatt, PC
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204
(503) 796-2888
ckroberts@schwabe.com

Thane Tienson
Landye Bennett Blumstein LLP
1300 SW Fifth Ave., Suite 3600
Portland, OR 97201
(503) 423-9210
ttienson@lbblawyers.com

and

Steven D. Gerttula
416 Bond Street
Astoria, OR 97103
(503) 325-5434

on behalf of Defendants. Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change to DOJ and the Coast Guard in accordance with Section XII (Notices and Submissions). The total amount paid under Paragraph 6 shall be deposited in the Oil Spill Liability Trust Fund.

8. **Notice of Payment.** At the time of payment under Paragraph 6, Defendants shall send notice that payment has been made to DOJ and the Coast Guard in accordance with Section XII (Notices and Submissions). Such notice shall reference the civil action number assigned to this case, Federal Project Number S18010, and DOJ case number 90-5-1-1-12151.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

9. **Interest on Payments and Accelerated Payments.** If Defendants fail to make the payment required by Paragraph 6 (Payment by Defendants of Removal Costs and Damages) by the required due date, Interest on the unpaid amount shall accrue from the Effective Date. Interest shall continue to accrue on any unpaid amounts until the total amount due has been received.

10. **Stipulated Penalties.**

   a. If Defendants fail to make the payment under Paragraph 6 by the required due date, Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9, $1,000 per day for each day that such payment is late.

   b. Stipulated penalties are due and payable within thirty days after the date of the demand for payment of the penalties by the Coast Guard. All payments to the Coast Guard under this Paragraph shall be identified as "stipulated penalties" and shall be made in accordance with Paragraph 7 (Method and Deposit of Payment) and the notice of payment provisions in Paragraph 8 (Notice of Payment).

   c. Stipulated penalties shall accrue as provided in this Paragraph regardless of whether the Coast Guard has notified Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due, and shall continue to accrue through the date of payment.

   d. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued under this Consent Decree. Payment of stipulated penalties shall not excuse

Defendant from the payments required by Paragraph 6 or from performance of any other requirements of this Consent Decree.

11.     If the United States brings an action to enforce this Consent Decree, Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12.     Payments made under this Section shall be in addition to any other remedies or sanctions available to the United States by virtue of Defendants' failure to comply with the requirements of this Consent Decree.

## VII.    COVENANTS NOT TO SUE BY UNITED STATES

13.     Except as specifically provided in Section VIII (Reservation of Rights by the United States), the United States covenants not to sue or to take administrative action against Defendants under OPA Section 1002, 33 U.S.C. § 2702, to recover Removal Costs or Damages. These covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Defendants of their obligations under this Consent Decree. These covenants extend only to Defendants and do not extend to any other person or entity.

## VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES

14.     The United States reserves and this Consent Decree is without prejudice to all rights against Defendants with respect to all matters not expressly included within Section VII (Covenants by Plaintiff). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Defendants with respect to:

   a.   liability for failure to meet a requirement of this Consent Decree;

   b.   criminal liability;

c. liability for natural resource damages under Sections 1002 and 1006 of OPA, 33 U.S.C. §§ 2702 and 2706; and

d. any future claim to recover in subrogation under OPA Section 1015, 33 U.S.C. § 2715, in connection with a claim made against the Oil Spill Liability Trust Fund under OPA Section 1013, 33 U.S.C. § 2713.

## IX. COVENANTS NOT TO SUE BY DEFENDANTS

15. Defendants covenant not to sue, and agree not to assert any claims or causes of action against the United States, or its agents, contractors, or employees, under OPA or any other federal law or regulation or state law or regulation with respect to the Oil Discharge Incident, including without limitation, any direct or indirect claim for removal costs or damages under OPA or any other provision of law for events arising out of removal activities in connection with the Oil Discharge Incident. These covenants not to sue by Defendants shall not apply to the extent that the United States asserts a claim against Defendants related to the Oil Discharge Incident based on any of the reservations set forth in Section VIII (Reservations of Rights by United States), other than Paragraph 14.a (liability for failure to meet a requirement of this Consent Decree) or 14.b (criminal liability), but only to the extent that Defendants' claims arose from the same removal action, removal costs, or damages that the United States is seeking pursuant to the applicable reservation. Defendants hereby reserve and retain any defenses, causes of action, and rights not explicitly waived in this Consent Decree.

## X. EFFECT OF SETTLEMENT

16. This Consent Decree does not limit or affect the rights of Plaintiff or Defendants against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendants.

17. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Decree.

18. Nothing in this Consent Decree shall be construed to release Defendants or their agents, successors, or assigns from obligations to comply with any applicable federal, state, or local law, regulation, or permit.

## XI. CERTIFICATION

19. Defendants certify that, to the best of their knowledge and belief, after thorough inquiry, they have not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, reports, documents, or other information (including records, reports, documents, and other information in electronic form) (other than identical copies) relating to their potential liability regarding the Oil Discharge Incident since notification of potential liability by the Coast Guard, and that they have fully complied with any and all requests for information regarding the Oil Discharge Incident.

## XII. NOTICES AND SUBMISSIONS

20. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

<u>As to the Coast Guard</u>:

National Pollution Funds Center (CL)
Attn: Thomas VanHorn, Chief
U.S. Coast Guard Stop 7605
2703 Martin Luther King Jr. Ave. S.E. Stop 7605

Washington, DC 20593
Re: FPN: S18010

Chief, Office of Claims and Litigation (CG-0945)
Attn: Brian Judge, Chief
U.S. Coast Guard Headquarters
2703 Martin Luther King Jr. Ave. S.E. Stop 7213
Washington, DC 20593
Re: FPN: S18010

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-5-1-1-12151

As to Defendant Cannery Pier Hotel, LLC:

Kent Roberts
Schwabe Williamson & Wyatt, PC
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204

As to Defendant Terry Rosenau solely in his capacity as Personal Representative for the Estate of Robert H. Jacob:

Thane Tienson
Landye Bennett Blumstein LLP
1300 SW Fifth Ave., Suite 3500
Portland, OR 97201

and

Steven D. Gerttula
416 Bond Street
Astoria, OR 97103

21. Notices required to be sent to the United States under this Consent Decree shall be sent to DOJ and the Coast Guard.

### XIII. RETENTION OF JURISDICTION

22. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

### XIV. INTEGRATION

23. This Consent Decree and its Exhibit A constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree and its attached Exhibit A.

### XV. SIGNATORIES/SERVICE

24. Each undersigned representative of a Defendant and the United States certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

25. Defendants agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Consent Decree.

26. Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on their behalf with respect to all matters arising under or relating to this Consent Decree. Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Defendants need not file an answer

to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

27. In accordance with 28 C.F.R. § 50.7, this Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent to entry of the Decree if comments received during the comment period disclose facts or considerations which indicate that the Decree is inappropriate, improper, or inadequate. If no comments are received or no changes are proposed in response to such comments, Settling Defendants consent to entry of the Decree without further notice.

## XVII.  FINAL JUDGMENT

28. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and Defendant.  The Court enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

SO ORDERED THIS _____ DAY OF _____, 2019.

_____
UNITED STATES DISTRICT JUDGE
District of Oregon

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Cannery Pier Hotel, LLC.*

FOR THE UNITED STATES OF AMERICA:

8-6-19
Date

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

8-6-19
Date

SEAN CARMAN
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 514-2746
Email: sean.carman@usdoj.gov

OF COUNSEL:

HELKEI HEMMINGER
LEGAL COUNSEL
NATIONAL POLLUTION FUNDS CENTER
UNITED STATES COAST GUARD
2703 MARTIN LUTHER KING, JR. AVE. SE
WASHINGTON, D.C. 20593-7605

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Cannery Pier Hotel LLC and the Estate of Robert H. Jacob*

FOR DEFENDANT CANNERY PIER HOTEL, LLC:

5/30/2019
Date

*[signature: Terry Rosenau]*

[Insert name, address, and telephone number below]

TERRY ROSENAU
MANAGING PARTNER FOR
CANNERY PIER HOTEL LLC

NO. 10 BASIN STREET
ASTORIA, OREGON 97103

503-314-4486 CELL
503-325-4996 HOTEL

CONSENT DECREE – 16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Cannery Pier Hotel LLC and the Estate of Robert H. Jacob*

FOR ESTATE OF ROBERT H. JACOB:

5/30/2019
Date

*Terry Rosenau*, Personal Representative
[Insert name, address, and telephone number below]

TERRY ROSENAU
PERSONAL REPRESENTATIVE
FOR THE ESTATE OF
ROBERT JACOB

NO. 10 BASIN STREET
ASTORIA, OREGON
97103

503-314-4486 CELL
503-325-4996 HOTEL

CONSENT DECREE – 17

# APPENDIX A


N
W E
S

0 80 160
Feet

1:1,727

Map Projection:
Oregon Statewide Lambert
Datum NAD83
International Feet

Vicinity Map

**Legend**

Clat_tax_15

Description Lines

This product is for informational purposes only and may not have been prepared for, or be suitable for legal, engineering, or surveying purposes. Users of this information should review or consult the primary data and information sources to ascertain the usability of the information.

# Exhibit A

State of Oregon
Department of State Lands
775 Summer St, NE, Suite 100
Salem, OR 97301
503-986-5200
www.oregon.gov/DSL

Date: 5/4/2016

Software: ESRI ArcMap 10.0
Document Path: O:\GIS_Projects\LM\Authorizations\MXDs\Scratch Pad Map 10.2.mxd